UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PECK,

    Plaintiff,

v.

Case No. 2:21 -cv-
Hon.

UNITED STATES OF AMERICA and
JOHN D. DINGELL VA MEDICAL CENTER
Jointly and severally,

    Defendants.

_____/

BRIAN J. McKEEN (P34123)
STEVEN C. HURBIS (P80993)
McKEEN & ASSOCIATES, P.C.
Attorneys for Plaintiff
645 Griswold Street, Suite 4200
Detroit, MI 48226
Phone: (313) 961-4400
Facsimile: (313) 961-5985
shurbis@mckeenassociates.com

_____/

## PLAINTIFF'S COMPLAINT, AFFIDAVIT OF MERIT, AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Robert Peck, by and through his attorneys, McKeen & Associates, P.C., and for his Complaint, Affidavit of Merit, and Demand for Jury Trial, hereby states the following:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this claim pursuant to 28 U.S.C. 1346 because the United States is a Defendant.

2. Venue is proper because Defendant, John D. Dingell VA Medical Center was federally funded medical center, which is located in Detroit, Michigan.

3. The Notice of Intent to File Claim was filed on or around December 4, 2014.

4. On or about June 14, 2016, the United States denied the administrative claims brought by Plaintiff under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. sections 1346(b), 2401(b), and 2671-80.

## PARTIES

5. Plaintiff, Robert Peck was at all times relevant a resident of the County of Wayne, State of Michigan.

6. Defendant, John D. Dingell VA Medical Center was at all times a health institution conducting business in the County of Wayne, State of Michigan and operated by the United States of America.

## FACTUAL ALLEGATIONS

7. Robert Peck, born 07/19/1957, sought his primary medical care from John D. Dingell VA Medical Center in the years leading up April 10, 2019.

8. At an April, 10, 2019 office visit, Mr. Peck presented at the office of John D. Dingell VA Medical Center with a chief complaint of lower back injury.

9. At that time, he was diagnosed with a L4 compression fracture.

10. John D. Dingell VA Medical Center performed a biopsy of the injured area.

11. On or about April 11, 2019 Mr. Peck was given the bad news that he had stage 4 metastatic cancer with an unknown primary that had spread to his spine.

12. Mr. Peck was told that John D. Dingell VA Medical Center would try radiation, but he was terminal.

13. Mr. Peck underwent radiation treatment for the next two weeks.

14. Mr. Peck had told his friends and family he had weeks to live and attempted to get his affairs in order to prepare for his death.

15. On or about 05/20/2019 John D. Dingell VA Medical Center informed Mr. Peck that his biopsy sample was contaminated from a dirty tray and he did not in fact have cancer.

16. Mr. Peck was traumatized by the ordeal.

17. Mr. Peck suffered 2 weeks of unnecessary radiation and now has to be monitored for the next 5 years due to the unnecessary radiation.

18. Mr. Peck also suffered the psychological effects of believing he was dying when he was not.

## COUNT I: MEDICAL NEGLIGENCE OF JOHN D. DINGELL VA MEDICAL CENTER

19. Plaintiff repeats and re-alleges the allegations contained in all prior paragraphs of Plaintiff's Complaint as though fully incorporated herein.

20. Defendant, John D. Dingell VA Medical Center was negligent, inter alia, in the following particulars, in that a licensed and accredited health care facility, through its agents, actual and/or ostensible, servants, and/or employees, when presented with a patient exhibiting the history, signs and symptoms such as those demonstrated by Robert Peck, had a duty to:

   a. Select, train, and monitor its employees, servants, agents, actual or ostensible, or its staff of physicians, to ensure that they are competent to

    perform optimum medical and/or surgical care and comply with the standard of care as described herein;

  b. Provide qualified medical staff with the proper training and ability to meet Robert Peck's needs, including, but not limited to, the ability to properly prevent, diagnose, manage, and treat a lower back injury;

  c. Ensure that appropriate policies and procedures are adopted and followed including, but not limited to, the safe and proper prevention, diagnosis, management, and treatment of wrist pain.

21. As a direct and proximate result of the aforementioned violations in the applicable standard of practice or care by the above-named health care providers, Robert Peck suffered 2 weeks of unnecessary radiation treatment and the psychological effects of believing he was dying when he was not.

22. As a consequence of the Defendant's negligence, Plaintiff further claims all elements of damages permitted under Michigan statutory law, Federal law, and the common law, whether known now or whether becoming known during the pendency of this case.

23. The United States of America is liable to Plaintiff under principles of actual agency and Respondeat Superior and actual agency because it owned and operated Defendant John D. Dingell VA Medical Center.

WHEREFORE, Plaintiff hereby requests that this Court enter judgment in her favor against Defendants in whatever amount he is found to be entitled plus all allowable interest, costs, and attorney's fees.

            Respectfully Submitted:

            McKEEN & ASSOCIATES, P.C.

/s/ BRIAN J. McKEEN
BRIAN J. McKEEN (P34123)
STEVEN C. HURBIS (P80993)
McKEEN & ASSOCIATES, P.C.
Attorneys for Plaintiff
645 Griswold Street, Suite 4200
Detroit, MI 48226
Phone: (313) 961-4400
Facsimile: (313) 961-5985

DATED: March 30, 2021

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PECK,

    Plaintiff,

v.

UNITED STATES OF AMERICA and
JOHN D. DINGELL VA MEDICAL CENTER
Jointly and severally,

    Defendants.

Case No. 2:21-cv-
Hon.

_____/

BRIAN J. McKEEN (P34123)
STEVEN C. HURBIS (P80993)
McKEEN & ASSOCIATES, P.C.
Attorneys for Plaintiff
645 Griswold Street, Suite 4200
Detroit, MI 48226
Phone: (313) 961-4400
Facsimile: (313) 961-5985
shurbis@mckeenassociates.com

_____/

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Robert Peck, by and through his attorneys, McKeen & Associates, P.C., and for his Complaint, Affidavit of Merit, and hereby demands a trial by jury in the above entitled cause of action.

    Respectfully Submitted:

    McKEEN & ASSOCIATES, P.C.

    /S/ BRIAN J. McKEEN
    BRIAN J. McKEEN (P34123)
    STEVEN C. HURBIS (P80993)
    McKEEN & ASSOCIATES, P.C.

Attorneys for Plaintiff
645 Griswold Street, Suite 4200
Detroit, MI 48226
Phone: (313) 961-4400
Facsimile: (313) 961-5985

DATED: March 30, 2021

Re: **ROBERT PECK**

### AFFIDAVIT OF MERITORIOUS CLAIM OF AARON FELIZ M.D. FCAP

STATE OF NEW YORK        )
                         )ss.
COUNTY OF WESTCHESTER    )

I, Aaron Feliz M.D., FCAP by this Affidavit, state that during the relevant time period at issue in this matter, I was a licensed, registered and practicing physician, board certified in anatomical pathology and clinical pathology, and devoting a majority of my professional time for the preceding year to, the clinical practice of anatomical pathology and clinical pathology and I attest to the following:

1. I have reviewed all the medical records provided to me by Plaintiff's Counsel.

2. Luzette Habib, M.D. and Paula Sochacki, M.D., as reasonable and prudent licensed and practicing physicians, practicing anatomical pathology and clinical pathology as agents/employees of John D. Dingell VA Medical Center, and all physicians, attendings, residents, physicians-in-training, when presented with a patient such as Robert Peck, owed a duty to timely and properly:

   a. Identify two distinct types of tissue on Mr. Peck's biopsy slides;

   b. Identify one type of tissue as fibrous/connective tissues and the other as consisting of bone with bone marrow;

   c. Understand the presentation of metastatic tumors to bone marrow and recognize Mr. Peck's samples do not match that presentation;

   d. Identify cautery artifact on the fibrous tissue which is inconsistent with obtaining bone and bone marrow samples;

   e. Use proper technique at all stages to avoid contamination;

   f. Recognize contamination when there is no normal or abnormal histology of bone marrow which resembles this fragment;

   g. Recognize a contaminated sample;

  h. Properly report the pathology results;

  i. Any and all acts of negligence as identified through additional discovery.

3. John D. Dingell VA Medical Center was negligent, inter alia, in the following particulars, in that a licensed and accredited health care facility, through its agents, actual and/or ostensible, servants, and/or employees, including but not limited to, Luzette Habib, M.D. and Paula Sochacki, M.D., when presented with a patient exhibiting the history, signs and symptoms such as those demonstrated by Robert Peck, had a duty to:

  a. Select, train, and monitor its employees, servants, agents, actual or ostensible, or its staff of physicians, to ensure that they are competent to perform optimum medical and/or surgical care and comply with the standard of care as described herein;

  b. Provide qualified medical staff with the proper training and ability to prevent slide contamination and misreporting;

  c. Ensure that appropriate policies and procedures are adopted and followed to prevent slide contamination and misreporting.

4. It is my opinion, based upon the available information, as well as my training knowledge, education, and experience in anatomical pathology and clinical pathology, that there was a failure to do those acts listed above, and such omissions constitute violations of the applicable standard of care.

5. In order to have conformed to the standard of care, the above-named should have done those things listed in paragraph 3, 4, and the respective subsections above.

6. As a direct and proximate result of the violations in the applicable standard of practice or care by the above-named health care providers, Robert Peck suffered weeks of unnecessary radiation treatment and the psychological effects of believing he was dying from cancer.

7. This opinion is based upon a review of the information to date and may or may not change upon review of additional materials.

_____
Aaron Feliz, M.D., FCAP

Subscribed and sworn to before me on this 21 day of March 2021.

_____KATHLEEN P. KETTLES_____ [Name]
Notary Public NOTARY PUBLIC-STATE OF NEW YORK [County]
My Commission Expires No. 02KE6383420
Qualified in Westchester County
My Commission Expires 11-13-2022